# Commonwealth v. Spade

C.P. of Juniata County, no. 50 of 2000.

*Andrew Winder,* for Commonwealth.
*P. Richard Wagner* and *Ralph Germak,* for defendant.

QUIGLEY, *P.J.,* July 12, 2000—This court has consolidated the above two matters because of the similarity of pretrial motion issues involved. Both of these are driving under the influence cases, both occurred at the same section within the Borough of Mifflin and both involved the same police officer.

Research has indicated that authority exists sufficient for this court to either sustain the action of the police officer in making the initial stop or rejecting same as having been inappropriate. That authority consists of numerous lower court cases, frankly, the bulk of which side with the defendant on the issues before us. See *e.g., Commonwealth v. Malone,* 19 D.&C.4th 41 (1993) (holding that section 3309(1) does not require perfect adherence to driving entirely within a single marked lane on all occasions); *Commonwealth v. Snyder,* 13 Franklin L.J. 11 (1995) (stating that one wide turn does not constitute erratic driving which would warrant the belief that a traffic violation was occurring where there were no center line markings); *Commonwealth v. Manning,* 30 Centre 7 no. 44 (1996) ("defendant's one wide swing to the right does not constitute erratic driving which would warrant

a belief that a traffic violation was occurring"). Nevertheless, this court has the authority, and of course the fortitude, to make its own decision, being influenced, perhaps, to a greater or lesser degree by the opinions of other jurists whom the court respects.

In short, the police officer, acting within the scope of his employment, (contrary to the police officer in *Commonwealth v. Carlson,* 705 A.2d 468 (Pa. Super. 1998)) observed the defendant make a turn under circumstances that placed his vehicle in part over the center yellow line on Juniata Street. One of the operators continued for a greater length of time on the center line than the other, but both came to a legal and proper stop at the stop sign on Main Street. One of the defendants (Mr. Spade) was stopped by the police officer at that time, the other after a short, uneventful trip into the Borough of Mifflintown.

"Police officers may stop a vehicle whenever they have articulable and reasonable grounds to suspect that a violation of the Vehicle Code had occurred." *Commonwealth v. Hamilton,* 543 Pa. 612, 673 A.2d 915 (1996). The only basis by which articulable and reasonable grounds to suspect that a violation of the Motor Vehicle Code has occurred, occurred during the short stretch between North Street and Main Streets on Juniata Street.

Regardless of which "left of center" section one might look to, (3306(a) and 3301(a)) it is clear that both drivers, prima facie, violated, albeit temporarily, the Motor Vehicle Code. It certainly can be argued that one section is more or less applicable than the other and whether or not either or both have been charged, is, in our judg-

ment, irrelevant on the issue of whether there was an appropriate basis to stop.

Thus, we deal with the issue as to whether or not there was an appropriate basis to stop and we consider that the only issue in this case.

Although the record does not disclose it, it is well known to the court that the Borough of Mifflin produces its fair share of DUI situations. Thus, any efforts by the police to attempt to control this dangerous conduct are, at the very least, laudable. However, the authority of Commonwealth agents even when an articulable reason may exist, is, in our judgment, not without limitation.

We are particularly impressed with observations of fellow jurists which, even in the face of articulable violations, nevertheless have found insufficient basis to pull over when the driving has not been construed to be erratic. Further, in limiting our observation to the facts of this case, we do not see erratic driving and, most importantly, we do not see the operation of the motor vehicle under circumstances which creates any type of a hazardous condition to anyone else. Thus, we don't think the "casual" violation of the Motor Vehicle Code which is not accompanied by conduct that could be reasonably described as erratic or one that creates, even to a low degree, a hazardous situation for others on the highway, provides an insufficient basis to stop a motorist.

We hasten to advise that this case should be construed narrowly and be limited to the facts before us. We should note that the intersection in question is constructed in such a way that it is difficult for one making a right turn

to do so within the center lane of traffic and without running over the curb. With counsel's approval, this judge negotiated that intersection on several occasions and, although he was able to, for the most part, stay within his own lane of traffic, he, on at least one occasion, did, in fact, go over center a little bit and, on at least one other occasion, struck the curb.

Both defendants operated large vehicles, Mr. Kint, in fact, an extended cab pickup vehicle, and under the circumstances, although there was a subsequent basis for a prosecution of both motorists for DUI, we are constrained to suggest that we cannot reach that point at this time and should suppress the evidence obtained as a result of the stop.

We should note that in the matter of *Commonwealth v. Kint,* no. 12 of 2000, we had previously denied the suppression motion. A motion to reconsider was filed and it was decided by the court, with the approval of both counsel, we believe, to revisit the suppression issue at a time set for non-jury trial. The point of this revelation is that the decision by the court to suppress is not substantively or procedurally, in effect, a verdict of not guilty, although we recognize that the Commonwealth's case evaporates as a result of this decision. Instead, we take the position that we have reconsidered the pretrial issue and changed the ruling thereon, thus preserving an appellate issue.

## ORDER

And now, July 12, 2000, for the reasons set forth in the within memorandum, the motion to suppress in both cases is granted.